IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW DEBBS, #1495269,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:11-CV-0562-L (BK)** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

In 2008, a jury found Petitioner guilty of five counts of aggravated sexual assault of a child and three counts of indecency with a child, and sentenced him to life imprisonment on each count. *State v. Debbs*, No. F40146 (413th Jud. District Court, Johnson County, 2008). The state court of appeals affirmed his conviction, *Debbs v. State*, No. 10-08-00135-CR, slip op. (Tex. App. – Waco 2009, pet. ref'd), and the Texas Court of Criminal Appeals (TCCA) refused a petition for discretionary review (PDR). *Debbs v. State*, PD-1266-09 (Tex. Crim. App. Jan. 13, 2010). Later, Petitioner filed a state habeas application. The state trial court, however, found there were "no controverted, previously unresolved issues of fact material to the legality of the Applicant's confinement," and the TCCA summarily denied the application without written order

on the findings of the trial court and without a hearing. *Ex parte Debbs,* No. WR-75,444-01, Event ID 2437031, at cover and 98 (hereinafter cited to as "SHCR" (State Habeas Clerk's Record), followed by the page number).

Subsequently, Petitioner filed this timely federal habeas petition challenging his conviction. (Doc. 2.)  In six grounds, he alleges (1) a *Batson* violation, (2) incompetency of the victim to testify, (3) prosecutorial misconduct, (4) ineffective assistance of trial counsel, (5) ineffective assistance of appellate counsel, and (6) insufficiency of the evidence. *Id.* at 7. Respondent contends that all of Petitioner's claims lack merit and that his sixth claim is procedurally barred.  (Doc. 8.)  Petitioner filed a reply.  (Doc. 9.)[1]

## II.  DISCUSSION

### A.    Procedurally Barred Claim

The doctrine of procedural default bars a federal court from reviewing the merits of a state inmate's habeas petition when the state court rejects the claims on the basis of a state procedural rule that provides an independent and adequate basis for dismissal. *Coleman v. Thompson,* 501 U.S. 722, 729-32 (1991).  To overcome a procedural default, a petitioner must either "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

In his last ground, Petitioner claims "there [was] no evidence to support his conviction." (Doc. 2, Mem. at 26.)  Such a claim is equivalent to an insufficiency-of-the-evidence claim. *See*

---

[1] The Court cites to the Reporter's Record ("RR") by volume number, followed by the page number.

*Haley v. Cockrell*, 306 F.3d 257, 266-267 (5th Cir. 2002) (construing "no evidence" claim as an insufficiency-of-the-evidence claim), *vacated on other grounds,* 541 U.S. 386 (2004).  However, in his direct appeal and PDR, Petitioner challenged the factual sufficiency of the evidence, not the legal sufficiency of the evidence.  *See Debbs*, No. 10-08-00135-CR, at 7-9, and *Debbs v. State*, No. 1266-09, pet. at 3-5.[2]

Relying on *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004), Respondent argues that legal sufficiency of the evidence is procedurally barred, because it has long been held in Texas that such a claim is not cognizable in a state post-conviction writ of habeas corpus.  *See Id.*  ("it is well-established that a challenge to the sufficiency of the evidence used to sustain a felony conviction is not cognizable on an application for a post-conviction writ of habeas").

As in *Ex parte Grigsby*, Petitioner did not fairly present his legal sufficiency-of-the-evidence claim to the TCCA in a procedurally correct manner, having raised only factual sufficiency of the evidence in his appeal and PDR.  Likewise, as in *Ex parte Grisby*, neither the state trial court nor the TCCA expressly applied a procedural bar in denying the state application.  Nevertheless, *Ex parte Grigsby* concluded that "where an applicant challenges sufficiency of the evidence on an application for a writ of habeas corpus, and [the TCCA] subsequently dispose[s] of the application by entering a denial without written order, the applicant's sufficiency claim

_____

[2] Legal sufficiency of the evidence is a separate and distinct legal theory from factual sufficiency. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  Factual sufficiency, however, does not present a valid basis for federal habeas relief.  *See, e.g., Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).  In addition, since Petitioner's conviction, the TCCA has overruled the factual-sufficiency-of-the-evidence standard, and has upheld the legal-sufficiency-of-the-evidence standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), as the only standard a reviewing court should apply when determining sufficiency of the evidence. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

was denied because the claim is not cognizable."  137 S.W.3d at 674.  "A challenge to the

sufficiency of the evidence presents one of those instances where . . . [the TCCA] *can never*

*consider the merits* of the applicant's claim."  *Id.* (emphasis added).

The United States Court of Appeals for the Fifth Circuit recently held, citing *Ex parte*

*Grigsby,* that a denial without written order of a state habeas application was based on an

independent and adequate Texas procedural ground such that a sufficiency-of-the-evidence claim

was procedurally defaulted.  *See Reed v. Thaler*, 428 Fed. Appx. 453, 454 (5th Cir. 2011)

(unpublished *per curiam*).  Federal district courts in Texas have reached the same conclusion

based on *Ex parte Grigsby*.  *See Neathery v. Thaler,* No. 4:10-CV-951-A, 2011 WL 4425418, 10

(N.D.Tex. 2011) (finding sufficiency of the evidence claim procedurally barred because not

raised in PDR); *Jaramillo v. Quarterman*, 2009 WL 3765501, 5 (W.D. Tex. 2009) (same);

*Barnes v. Director*, TDCJ-CID, 2008 WL 5114484, 3-4  (E.D. Tex. 2008) (same).  Accordingly,

in light of *Ex parte Grigsby* and its recent application in *Reed*, the Court concludes that

Petitioner's failure to raise legal sufficiency of the evidence on direct appeal constitutes a

procedural default that bars this Court from considering his claim on the merits.

As noted above, Petitioner may overcome a procedural bar by showing cause for the

default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court

were to refuse to consider his claims.  *Coleman*, 501 U.S. at 750.  Here, however, Petitioner does

not allege cause and prejudice for his default or that a fundamental miscarriage of justice would

occur.  (Doc. 9 at 29.)  Accordingly, his sufficiency-of-the-evidence claim is procedurally barred

from federal habeas review.

Alternatively, even if the sufficiency-of-the-evidence claim were not barred, Petitioner is

not entitled to federal habeas relief.[3]  When reviewing the sufficiency of the evidence in a section

2254 proceeding, the relevant question is whether "after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis

in original).  "All credibility choices and conflicting inferences are to be resolved in favor of the

verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005).  A federal habeas corpus court

may not substitute its view of the evidence for that of the fact finder, but must consider all of the

evidence in the light most favorable to the prosecution.  *See Weeks v. Scott*, 55 F.3d 1059, 1061

(5th Cir. 1995).

> Petitioner's challenge to the sufficiency of the evidence focuses on the testimony of Dr.

Jamye Coffman, Medical Director of the Care Team, a child abuse program at Cook Children

Hospital.  Petitioner asserts "there is no evidence due to Dr. Coffman Report" that "'the physical

findings were consistent with the history gathered but that are nonspecific for abuse" and that

"[a]ll aspect[s] are normal."  (Doc. 2, Mem. at 26; Doc. #9 at 29, quoting RR 23:68, lines 16-18,

and RR 23:67-68.)  However, the credibility to be given to Dr. Coffman's testimony was

reserved to the jury.  *Jackson*, 443 U.S. at 319 (the jury has the responsibility "to resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic

facts to ultimate facts.").

---

[3] The Antiterrorism and Effective Death Penalty Act's (AEPDA's) deferential standard of
review applies only to claims adjudicated on the merits.  *See* 28 U.S.C. § 2254(d).  Since the
state court did not address the legal sufficiency of the evidence, the claim is subject to *de novo*
review.  Nevertheless, whether or not this Court performs a *de novo* review of the evidence, or
whether the deferential AEDPA standard is used, no relief may be granted based upon the
sufficiency of the evidence.

In any event, a review of the evidentiary record reflects that the evidence presented at trial was legally sufficient to permit a rational jury to find Petitioner guilty of aggravated sexual assault of a child and indecency with a child.  State law supplies the substantive elements of the offense.  *Jackson*, 443 U.S. at 324 n.16 (requiring that sufficiency of the evidence review occur "with explicit reference to the substantive elements of the criminal offense as defined by state law").  To support a conviction for aggravated sexual assault of a child, the State was required to prove that the defendant intentionally caused the sexual organ or the anus of a child to contact the sexual organ of another person, or that the defendant caused the penetration of the child's sexual organ by any means, and that the child was under fourteen years of age.  *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iii) or (iv), and (a)(2)(B).  With respect to the offense of indecency with a child by contact, the State was required to establish that the defendant intentionally engaged in sexual contact with a child or caused the child to engage in sexual contact, and that the child was younger than seventeen years.  Tex. Penal Code Ann. § 21.11(a)(1).  "Sexual contact" includes the "following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person."  Id. § 21.11(c).

At trial, the State introduced evidence to support the above elements through the victim's own testimony and statements she made during the evaluation by the CARE team.  The court of appeals summarized the relevant evidence and testimony.

While being evaluated, V.H. stated that "…[Petitioner] touched me where the bad

spot is…He touched me with his hand. He touched my bad spot with the boy's bad spot. He touched it a lot of times. The last time was last week…he touched my butt with his bad spot…." Also during the evaluation, V.H. pointed to the genitals of a female child anatomical drawing and said that was where [Petitioner] touched her. She also indicated that the "bad spot" on the male child anatomical drawing was the genitals. The only physical evidence of possible abuse found by the CARE team was redness around V.H.'s anus. The redness could also be attributed to poor hygiene.

V.H. testified at trial. She was 7 years old at that time. She stated that [Petitioner] touched her in her "bad spots." She said that [Petitioner's] bad spot, or genitals, touched her bad spot, or genitals. She also stated that [Petitioner] touched her bad spot with his hand and touched her "butt" with his bad spot. She further stated that [Petitioner] touched her "chichis," or breasts, with his hand and his mouth. She said that each incident happened more than once.

*Debbs*, No. 10-08-00135-CR, at 2-3.

The testimony of the child victim alone is sufficient evidence to support convictions for aggravated sexual assault and indecency with a child.  Tex. Code Crim. Proc. Ann. art. 38.07; *Hiatt v. State,* 319 S.W.3d 115, 121 (Tex. App–San Antonio 2010, pet. ref d) (indecency conviction); *Mallet v. State,* 9 S.W.3d 856, 864 (Tex. App.-Fort Worth 2000, no pet.) (aggravated sexual assault conviction).  Here, the victim provided sufficient testimony to support Petitioner's conviction.  Her testimony shows that Petitioner touched her sexual organ with his sexual organ on multiple occasions (Counts 1-2, 6-7), that he penetrated her sexual organ with his finger (Count 3), that he touched her bottom or buttocks with his sexual organ (Counts 4-5), and that he touched, kissed, or put his mouth on her breast (Count 8).  The State's evidence, viewed in the light most favorable to the prosecution as set out in *Jackson*, 443 U.S. at 318, was more than sufficient for a rational trier of fact to prove each element of the indictment and find Petitioner guilty of aggravated sexual assault of a child and indecency with a child.  Therefore,

Petitioner's sufficiency-of-the evidence claim fails.

**B.      Merits Review**

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act

(AEDPA), precludes habeas corpus relief unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of,
> clearly established Federal law, as determined by the Supreme Court of the United States;
> or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

This Court's inquiry under section 2254(d) is limited to whether the state court's

application of Supreme Court precedent was unreasonable.  "For purposes of § 2254(d)(1), 'an

*unreasonable* application of federal law is different from an *incorrect* application of federal

law.'"  *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 785 (2011).  In addition, the state

court "must be granted a deference and latitude that are not in operation when the case involves

review under the . . . standard itself."  *Id.*  Thus, "[u]nder § 2254(d), a habeas court must

determine what arguments or theories supported or, . . . could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme]

Court."  *Id.* at 786.

Mindful of the deference due to the state court's decision under the AEDPA, the Court

addresses each of Petitioner's claims below.

**1.      Trial Court's Errors**

      **a.      <u>Batson Claim</u>**

Petitioner contends the prosecution struck a prospective juror, one of only two African

American individuals on the venire panel, on the basis of race.  *See Batson v. Kentucky*, 476 U.S.

79, 85-88 (1986) (Equal Protection Clause bars use of race-based peremptory jury challenges).

*Batson* laid out a three-step analysis for claims of racially discriminatory jury strikes.

> First, a defendant must make a prima facie showing that a peremptory challenge
> has been exercised on the basis of race. Second, if that showing has been made,
> the prosecution must offer a race-neutral basis for striking the juror in question.
> Third, in light of the parties' submissions, the trial court must determine whether
> the defendant has shown purposeful discrimination.

*Miller–El v. Cockrell*, 537 U.S. 322, 328-29 (2003) (quoting *Batson*, 476 U.S. at 96–98).

Claims of discriminatory juror selection present pure questions of fact that are reviewed

under Section 2254(d)(2).  *Rice v. Collins*, 546 U.S. 333, 338 (2006).  Under this standard, the

state court findings of fact are presumed to be correct, and the petitioner has the burden of

rebutting the presumption of correctness by "clear and convincing evidence."  *Id.* at 338–39

(quoting 28 U.S.C. § 2254(e)(1)).

During voir dire at Petitioner's trial, defense counsel objected to the State using

peremptory challenges to remove one of two African-American jurors.  (RR 21:111-12.)  The

prosecutor stated that he peremptorily struck the juror in question because she was under the age

of 30 and the State had struck all jurors under the age of 30 because the facts of the case required

"maturity and experience of life."  (RR 21:112-13.)  The trial court found that these were

reasonable race-neutral reasons for striking the juror and overruled the defense's objection. (RR

21:113-14.)  The state court of appeals (the last reasoned opinion on the matter) affirmed,

overruling Petitioner's argument on appeal.

> The State does not dispute that [Petitioner] satisfied his step-one obligation to
> make a prima facie showing that the State exercised its peremptory challenge on
> the basis of race. In offering its race neutral reason for striking the juror, the State
> explained to the trial court that the juror in question was under the age of 30 and
> that the State struck all jurors under the age of 30. [Petitioner] did not dispute, and
> there is nothing in the record that disputes, the State's reason for striking the juror
> or the assertion that all jurors under the age of 30 were struck. Thus, the trial court
> did not clearly err in accepting the State's race-neutral reason for striking that
> juror.

*Debbs v. State*, No. 10-08-00135-CR, at 5.

Petitioner presents no controverting evidence in his federal petition.  He merely argues

trial counsel failed to object to the prosecutor relying on the under "the age of 30" reason, which

he claims was "highly suspect, because . . . unrelated to the case" and because in Texas all

persons over twenty-one years of age are considered competent to serve as jurors.  (Doc. 2; Mem.

at 9-10; Doc. 9 at 5-6.)  His argument, however, is unpersuasive.  The prosecutor's reason for

striking the juror in question was race neutral.  The record establishes the prosecutor struck three

other jury venire members, who were not African-Americans, for the fact that they were under

thirty years of age.  (RR 21:113.)  The trial court credited the prosecutor's race-neutral

explanation, and the state court of appeals carefully reviewed the record in upholding the trial

court's findings.  Because Petitioner has failed to establish that the state court's decision denying

this ground for relief was contrary to the holding in *Batson*, his claim should be denied.  *See*

*Felkner v. Jackson*, ___ U.S. ___,131 S. Ct. 1305, 1307-1308 (2011) (*per curiam*) (reversing

because federal court of appeals did not have any basis to conclude that state appellate court's

decision upholding trial court's denial of prisoner's *Batson* claim was unreasonable).

### b. Competency of Witness

Petitioner asserts the trial court erred in finding the victim, V.H., was competent to testify

at trial.  The state court of appeals rejected this claim on direct appeal.

> It appears from the record that prior to the start of the trial, the State called V.H. to the stand to address both the competency issue and an outcry issue. After the court administered the oath to V.H., the prosecutor asked V.H. a series of questions.  Although she could not recall what year she was born, V.H. successfully answered questions concerning her name, birthday, current age and age next year, and with whom she lived at the time of the assaults. She said that she knew the difference between telling the truth and telling a lie. The prosecutor explored V.H.'s ability to distinguish the truth from a lie by asking, "If I were to say to you that this board is green, would that be the truth or would that be a lie?" V.H. correctly answered that it would be a lie because it had been established earlier that the board was white. The prosecutor also asked V.H. if she thought she could tell the truth and if she promised to tell the truth. V.H. answered affirmatively to both questions.
>
> Further, we have reviewed the body of V.H.'s testimony, and it demonstrates that V.H. was able to both understand questions asked of her and intelligently frame answers to those questions. And although she could not recall all the details of the assaults, she could recall and relate that Debbs improperly touched her and where she was touched. Considering V.H.'s responses to the prosecutor's qualification questions as well as her testimony as a whole, we hold that the trial court did not abuse its discretion by finding V.H. competent to testify.

*Debbs*, No. 10-08-00135-CR, at 6-7.

The above findings are entitled to a presumption of correctness.  28 U.S.C. § 2254(e)(1).

Petitioner cannot meet his burden of rebutting that presumption with clear and convincing

evidence.  *Id.*  He asserts that V.H. "was unable to possess sufficient intellect to relate the

transactions (frame intelligent answer) with respect to which she would testify."  (Doc. 9 at 8.)

The record, however, confirms that VH, who was only seven years old, understood all the questions posed to her and was able to formulate sound, reasonable answers.  (RR 22:81-91.) Contrary to Petitioner's assertions, the prosecutor's questions were not leading.  In addition, while V.H. was unable to remember all the details of the assault or any penetration, she recalled and was able to explain that Petitioner had improperly touched her and each of the locations where he had done so.  *Id.*  Petitioner cannot show that the state court's decision to deny his claim was contrary to, or involved an unreasonable application, of clearly established federal law. Accordingly, this ground should be denied.

## 2.      Prosecutorial Misconduct

Petitioner raises several instances of alleged prosecutorial misconduct during opening and closing arguments.  (Doc. 2, Mem. at 14-20.)  Respondent argues Petitioner is not entitled to relief because he cannot establish that, absent the prosecutors' statements, he would not have been convicted.  (Doc. 8 at 19.)[4]

---

[4] Petitioner raised prosecutorial misconduct for the first time in his state habeas petition. Because his counsel did not make a timely objection during trial, Texas law precluded appellate counsel from raising the issue on direct appeal.  *See Ex parte Patterson,* 969 S.W.2d 16, 20 (Tex. Crim. App. 1998) (noting Texas's contemporaneous objection rule).  In response to the state habeas application, the State contended the claim was procedurally barred because the habeas application was not a substitute for appeal and prosecutorial misconduct could have been raised on appeal.  (SHCR at 78.)  The state habeas court, however, found no controverted issues and the TCCA denied relief without a written order.  (SHCR at 98 and cover.)  Because the state habeas court did not clearly and expressly rely on a state procedural bar, this Court concludes the state court adjudicated Petitioner's prosecutorial misconduct claims on the merits and, thus, the state court's decision is entitled to deference under section 2254(d).  *See Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000) (considering prosecutorial misconduct claim on merits with requisite deference to state court's decision; although petitioner effectively waived prosecutorial misconduct claim by failing to object to prosecutor's comments at trial, state court was not put

"Prosecutorial misconduct is not a ground for [habeas] relief unless it casts serious doubt upon the correctness of the jury's verdict." *Styron v. Johnson,* 262 F.3d 438, 449 (5th Cir. 2001). For alleged misconduct based on the prosecutor's argument to the jury, a petitioner is entitled to relief only where "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Thus, "the appropriate standard of review for . . . [a prosecutorial misconduct] claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Id.* (quoting *Donnelly*, 416 U.S. 642)). In addition, a prosecutorial misconduct claim requires a court to consider three factors: "1) the magnitude of the prejudicial effect of the [prosecutorial action]; 2) the efficacy of any cautionary instruction given by the judge; and 3) the strength of the evidence supporting the conviction." *Styron,* 262 F.3d at 449. "Only where improper prosecutorial [comments] substantially affect the defendant's right to a fair trial do they require reversal." *Id.* (cited case omitted).

Under the above standard, the Court concludes the prosecutors' comments did not deprive Petitioner of a fair trial. Petitioner asserts the prosecutors "ignite[d] strong sympathetic passion for V.H. [the victim] and against Petitioner," vouched for the victim's credibility, and insinuated on a couple of occasions that Petitioner was "a child molester" and should not be trusted with children. (Doc. 9 at12-14, 15-17.) He also claims that one of the prosecutors

on notice by state that claim was waived and state court denied habeas application).

misrepresented the law and the facts during opening argument when he made the following

comments:

> Physical evidence is going to be the fact that she was red around her anal area, and
> physical findings as Dr. Coffman will tell you are consistent with the outcry that she
> made.
>
> What I'm going to ask you to do, what the state has asked you to do is to believe that
> child and make sure that justice happens.  And justice means a conviction for this
> defendant on all eight counts.

(Doc. 9 at 14, quoting RR 22 at p. 31, Line 22-25, and p. 32, Line 13-17.)  Neither of the above

comments, however, manipulated or misstated the evidence.  Nor did any other comment

implicate specific rights of the accused such as the right to counsel or the right to remain silent.

*See Darden*, 477 U.S. at 182.  Moreover, some of the objectionable comments during closing

argument were invited by or were responsive to the defense's closing argument.

Furthermore, the weight of the evidence against Petitioner was heavy.  The victim's

testimony at trial and her prior statements to the Child Advocacy Center and the Care team

supported a finding of guilt on all charges, reducing the likelihood that the jury's decision was

influenced, in any way, by the prosecutor's opening and closing arguments.  Petitioner has not

shown that the state court's decision to deny his prosecutorial misconduct claim was contrary to,

or involved an unreasonable application, of clearly established federal law.  Accordingly, this

ground should be denied.

### 3.    Ineffective Assistance of Counsel

Under the AEDPA, the Court reviews Petitioner's ineffective assistance of counsel claims

under a "doubly deferential" standard.  *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403

(2011).  The Court "take[s] a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen*, 131 S. Ct. at 1403 (quoted cases omitted).  Under section 2254(d)(1) deference, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."  *Harrington*, 131 S. Ct. 770, 785 (2011).

To establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and prejudice.  *Strickland*, 466 U.S. at 687.  This requires the petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 688, 694. The Court need not address both components if the petitioner makes an insufficient showing on one.  *Id.* at 697.

In determining whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy.  *Id.* at 689.  In determining whether an error resulted in prejudice, courts focus on whether "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n. 17 (2000) (citations and internal quotation marks omitted).  Courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.

### i.      Ineffective Assistance of Counsel at Trial

#### (a) Failure to Object to State's alleged Race Neutral Reason

Petitioner contends counsel rendered ineffective assistance when he failed to object to the prosecutor relying on the under "the age of 30" reason to excuse his peremptory strike during the *Batson* hearing.  The Court had previously rejected Petitioner's assertion that the under "the age of 30" reason was not race neutral.  Counsel is not required to make meritless objections.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").  Therefore, this claim fails.

#### (b) Failure to Object to Leading Questions During Competency Hearing

Petitioner asserts trial counsel failed to object to the prosecutor's leading questions during the victim's competency hearing.  (Doc.2, Mem. at 22.)  The leading questions, however, were posed by defense counsel, not by the prosecutor, during cross examination.  (RR 22:15, Lines 1-5.)  Because defense counsel is permitted to lead the witness during cross examination (SHCR 96-97), Petitioner cannot show that counsel's performance fell below an objective standard of reasonableness.  Accordingly, this ground has no merit.

#### (c) Failure to Move for Mistrial

Petitioner contends defense counsel "failed to move for a mistrial" on the ground the State had not proved all the elements of the indictment.  (Doc. 2, Mem. at 21.)  Defense counsel, however, properly moved for a directed verdict at the conclusion of the State's case, arguing the State had not met its burden of proof.  (RR 23:78.)  The trial court denied counsel's motion.

Since defense counsel properly moved for a directed verdict at the close of the State's case, the fact that he was unsuccessful in his efforts, does not mean that he was deficient. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (*per curiam*). Accordingly, counsel's performance did not fall below an objective standard of reasonableness and his claim fails.

(d) <u>Failure to object to Opening and Closing Arguments</u>

Next, Petitioner asserts trial counsel rendered ineffective assistance when she failed to object to various comments made by the prosecutor during opening and closing arguments.

Petitioner claims the prosecutor improperly vouched for the credibility of the victim, during opening argument, when he advised the jury as follows: "So at the close of this case, what I'm going to ask you to do . . . is to believe that child, and make sure that justice happens. And justice means a conviction for this Defendant on all eight counts." (RR 22:32, Lines 13-17.) Defense counsel did not believe the statement was "an improper comment by the State." (SHCR at 94.) The Court agrees that counsel did not vouch for the victim's credibility, but only stated what he thought the evidence would show at trial. Even if the comment were improper, defense counsel believed "any objection . . . would have drawn attention to the comment and prejudiced the Defendant." (SHCR at 94-97.) Petitioner cannot "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

Petitioner's claims regarding closing argument fare no better. According to Petitioner, the prosecutor improperly vouched for the credibility of the victim, when he stated "[i]f he's not guilty, this child has to have lied. That's all there is to it. The child is a liar, if that's the case." (RR 23:116, Lines 8-10.) Trial counsel did not consider this comment to be improper and, thus,

did not object to it.  (SHCR at 94.)

Contrary to Petitioner's assertions (Doc. 9 at 25), this case is distinguishable from *Hodge v. Hurley*, 426 F.3d 368, 380-84 (6th Cir. 2005), where the prosecutor improperly and repeatedly commented on the credibility of witnesses at trial (including the credibility of the expert witnesses) and misrepresented the evidence.  Moreover, in this case the prosecutor's comments were part of a broader response to defense counsel's arguments that the victim's testimony was replete with inconsistencies and, thus, that she must be lying.

> So because she [the victim] has a no-no spot or a bad spot, is it not possible for her family, especially when the parents are not together and a child is around a lot of adults that take care of her . . . do you think maybe those people have different names for that spot?  Do you think a child might pick up on that fact?  Or is she lying because she's inconsistent in what a 5 year old calls her privates?  Does that make her a liar.  Absolutely not.  Absolutely not.  Those are the kinds of inconsistencies that she [defense counsel] would have you look at to say this child lied.  Because let me tell you something, there's no easy, soft way to say.  If he's not guilty, this child had to have lied.  That's all there is to it.  The child is a liar, if that's the case.

(RR 23:116, Lines 3-10.)  Clearly, when taken in context, the prosecutor's comments were proper and defense counsel's failure to object to them did not amount to deficient performance.

The prosecutor's second comment, when taken in context, also fails to rise to improper vouching.

> To hear Ms. Fowler [defense counsel] tell it, I led [the victim] all the way, told to her what to say, and I made this case happen.  Absolutely not the truth.  Which one of you would like to be 7 years old and come in here and face the man that did these things to you and talk in front of 20 adults and talk about how this man touched her private spot?  Who wants to be able to do that?  I would submit to you that it takes phenomenal amount of courage that maybe none of the rest of us would even have to be able to do that.

(RR Vol. 23:117, line 8-15.)  Therefore, defense counsel's failure to object to the prosecutor's comments about the credibility of the witness did not amount to deficient performance.

Next, Petitioner complains about four instances during the State's closing argument when the prosecutor either referred to him as a "child molester" or implied he was one.  (Doc. 2, Mem. at 23.)  While trial counsel found the "argument[s] may be inappropriate and possibly improper," she concluded they "certainly did not rise to the level of a possible reversal on appeal."  (SHCR at 94.)  Thus, it was her "trial strategy to remain silent and not draw unnecessary attention to the comments."  *Id.*  Counsel's decision not to object is entitled to deference as reasonable trial strategy.  *Strickland*, 466 U.S. at 689 (citation omitted).  Accordingly, defense counsel's failure to object did not amount to deficient performance.

Lastly, Petitioner asserts the prosecutor "told the jury there is evidence that there was penetration with the finger," even though "Dr. Coffman not once testified that penetration had taken place at any time."  (Doc. 2, Mem. at 22.)  In summarizing the charges and the evidence, however, the prosecutor only stated "[t]here is evidence from the C.A.C. tape that there was penetration with the finger."  (RR 23:101, Lines 15-16.)  Any objection by counsel about the above statement would have been meritless.  The failure to mention Dr. Coffman's testimony in connection with the C.A.C. tape does not render the prosecutor's comment improper.  Petitioner cannot demonstrate that his attorney's failure to raise an essentially frivolous issue constituted objectively deficient performance under the Sixth Amendment.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

In conclusion, Petitioner cannot show that the state habeas court's decision rejecting his claims of ineffective assistance of trial counsel were contrary to or an unreasonable application of clearly established federal law.  Therefore, ground four should be denied.

### ii.        Ineffective Assistance of Counsel on Appeal

Petitioner contends appellate counsel rendered constitutionally ineffective assistance

when he failed to raise on direct appeal the previously addressed issues of trial counsel's

ineffectiveness.  (Doc. 2, Mem. at 25-26.)  "The Constitution does not require appellate counsel

to raise every nonfrivolous ground that might be pressed on appeal."  *Ellis v. Lynaugh,* 873 F.2d

830, 840 (5th Cir. 1989) (citing *Jones v. Barnes,* 463 U.S. 745, 751-53 (1983)).  Instead, counsel

is obligated only to raise and brief those issues that are believed to have the best chance of

success.  *Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003).  In order to prove ineffective

assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on

appeal fell "'below an objective standard of reasonableness.'"  *United States v. Phillips,* 210 F.3d

345, 348 (5th Cir. 2000) (quoting *Strickland,* 466 U.S. at 688).  This reasonableness standard

requires counsel "'to research relevant facts and law, or make an informed decision that certain

avenues will not prove fruitful.'"  *Id. (*quoting *United States v. Williamson,* 183 F.3d 458, 462-63

(5th Cir. 1999)).

Generally, a claim of ineffective assistance of trial counsel is more appropriate for

collateral review.  *See Thompson v. State,* 9 S.W.3d 808, 813-14 & n. 5 (Tex. Crim. App. 1999)

(rarely will a court of appeals be capable of making a fair evaluation of the merits of an

ineffective assistance of counsel claim on direct appeal).  Moreover, in this case, the state habeas

court ultimately rejected Petitioner's assertion that trial counsel rendered ineffective assistance.

There is no reason to believe that the determination would have been different had the issue been

raised on appeal.  *See Lane v. Quarterman*, No. 3:06-CV-1387-K,  2007 WL 1976573, 5-6 (N.D.

Tex. 2007) (denying claim that appellate counsel rendered ineffective assistance in failing to

raise on direct appeal claims of ineffective assistance of trial counsel).

Petitioner has failed to show that the state court's decision rejecting his claim of ineffective assistance of appellate counsel were contrary to or an unreasonable application of clearly established federal law.  Therefore, his fifth ground should be denied.

4. <u>Request for Evidentiary Hearing</u>

Petitioner requests an evidentiary hearing.  (Doc. 2, Mem. at 25-26.)  During his state habeas proceedings, however, the state habeas court afforded him a full and fair opportunity to develop and litigate his claims.  Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding.  Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims.  Under these circumstances, Petitioner is not entitled to a federal evidentiary hearing.  28 U.S.C. § 2254(e)(2).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED**.

SIGNED November 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE