IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW DEBBS,** #1495269, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-0562-L** |
| | § | |
| **RICK THALER,** Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Andrew Debbs's Petition for Writ of Habeas Corpus, filed March 18, 2011. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 28, 2011. The court granted Petitioner Andrew Debbs's motion for extension of time to file objections to the Report on December 13, 2011. The court instructed Petitioner to file his objections by January 17, 2012. Petitioner filed objections to the Report on December 16, 2011. The court reviewed *de novo* those portions of the Report to which objection was made and reviewed the remaining portions of the Report for plain error.

In his federal habeas petition, Andrew Debbs ("Petitioner" or "Debbs") challenged his state court conviction for five counts of aggravated sexual assault of a child and three counts of indecency with a child, on six grounds. Petitioner alleged: (1) a *Batson* violation, (2) incompetency of the victim to testify, (3) prosecutorial misconduct, (4) ineffective assistance of trial counsel, (5) ineffective assistance of appellate counsel, and (6) insufficiency of the evidence. Petitioner objects to the Report on the same grounds.

**Memorandum Opinion and Order - Page 1**

Petitioner objects to the Report regarding ground one because he contends he established that the state court's decision denying his *Batson* challenge was contrary to the holding in *Batson v. Kentucky*, 476 U.S. 79, 85-88 (1986).   Objections 2, ¶ 2.   The Report explains that Petitioner satisfied his step-one obligation to make a *prima facie* showing that the state exercised its peremptory challenge on the basis of race.   The state, however, offered a race-neutral basis for striking the African-American juror: the juror in question was under the age of 30, and the state struck all jurors under the age of 30.   The Report explains that the trial court credited the state's race-neutral explanation for exercising its peremptory challenge, and the state court of appeals carefully reviewed the record in upholding the trial court's findings.   In his objections, Petitioner reiterates his argument rejected in the Report that persons over the age of 21 are competent to serve as jurors in Texas.   Petitioner fails to demonstrate purposeful discrimination by the state or show that the state court's decision denying this ground for relief was contrary to the holding in *Batson*. Accordingly, the court overrules Petitioner's objection.

Petitioner objects to the Report regarding ground two: incompetency of the victim to testify.   Petitioner contends in his objections that the victim was not able to recall details of the alleged crime.   The Report clearly addresses Petitioner's argument, explaining that, although V.H. (victim) was unable to remember all the details of the assault or any penetration, she recalled that Petitioner had improperly touched her and each of the locations where he had done so. Report 12, ¶ 1.   Petitioner argues that V.H.'s testimony that he penetrated her is inconsistent with the Medical Director's testimony that the physical findings of the medical evaluation were non-specific to abuse.   Petitioner's argument is improper, as it is within the province of the jury to determine the credibility of witnesses.   Petitioner fails to show that the state court's decision to

**Memorandum Opinion and Order - Page 2**

deny his claim was contrary to, or involved an unreasonable application of clearly established federal law.   Thus, the court overrules the objection.

Petitioner objects to the Report regarding ground three: prosecutorial misconduct. Petitioner cites the same statements made by the prosecutor previously cited in his Petition for Writ of Habeas Corpus.   Objections 4, ¶ 1-3; Pet. for Writ of Habeas Corpus, 14-20.   Petitioner repeats in his objections the same arguments considered and rejected in the Report based on applicable law.   Accordingly, the court overrules Petitioner's objection.

Petitioner objects to the Report regarding ground four: ineffective assistance of trial counsel.   Petitioner argues that if counsel had objected to state's proffered race-neutral reason for the removal of an African-American juror, the outcome of his case would have changed in his favor.   Petitioner does not, however, provide an argument as to how the outcome would have been different if counsel had made this objection.   Petitioner also objects to counsel's failure to object to leading questions during the competency hearing.   The Report specifically addresses and rejects Petitioner's argument on this issue.   Report 16.   Petitioner also objects to counsel's failure to object to opening and closing arguments.   With respect to this issue, Petitioner repeats his arguments previously asserted on the ground of prosecutorial misconduct, which are rejected in the Report.   Report 17-18.   Petitioner's objections on this ground are repetitive.   In light of the "doubly deferential" standard given to ineffective assistance of counsel claims, *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011), the court overrules the objections.

Petitioner objects to the Report regarding ground five: ineffective assistance of appellate counsel. Petitioner asserts that appellate counsel should have raised the issue of ineffective assistance of trial counsel on his direct appeal, specifically objecting to the striking of the African-American juror for being under the age of 30.   Petitioner fails to show that the decision

**Memorandum Opinion and Order - Page 3**

not to raise this issue on appeal fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Thus, the court overrules the objection.

Petitioner objects to the Report regarding ground six: no evidence, which is a sufficiency-of-the-evidence claim. The Report concluded that Petitioner's failure to raise legal sufficiency of the evidence on direct appeal constitutes a procedural default that bars this court from considering his claim on the merits. *See Reed v. Thaler*, 428 F. App'x. 453, 454 (5th Cir. 2011). The court agrees. Even if Petitioner's sufficiency-of-the evidence claim were not barred, his objection fares no better on the merits. Petitioner focuses on Dr. Jamye Coffman's testimony and states that "in the 'record' [there] was 'no' abuse." Objections 7, ¶ 2. Petitioner argues that the magistrate judge failed to mention this in her Report. The Report specifically addresses Petitioner's challenge to the sufficiency of the evidence focusing on the testimony of Dr. Coffman. Report 5, ¶ 2. The magistrate judge noted that the credibility to be given to Dr. Coffman's testimony was reserved to the jury. *Id.* Further, the Report explains that a review of the evidentiary record reflects that the evidence presented at trial was legally sufficient to permit a rational jury to find Petitioner guilty of aggravated assault of a child and indecency with a child. *Id.* at 6. The court agrees. Thus, the court overrules the objection.

In his objections, Petitioner requests an evidentiary hearing. As Petitioner has presented the court with no new evidence or factual or legal theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding, the court determines Petitioner is not entitled to a federal evidentiary hearing. 28 U.S.C. § 2254(e)(2).

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are

**Memorandum Opinion and Order - Page 4**

correct and **accepts** them as those of the court.   The court therefore **dismisses with prejudice** Petitioner's insufficiency-of-the-evidence claim as procedurally barred and **denies** Petitioner's other claims on the merits.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]   The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."   *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).   In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.   In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 19th day of March, 2012.

Sam A. Lindsay
United States District Judge